IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DON KING PRODUCTIONS, INC.,          *
                                     *
      Plaintiff                      *
                                     *
vs.                                  *          CIVIL NO. 05-1212 (JP)
                                     *
EL BAYU PUB & BAR MINI MARKET,       *
D/B/A "EL TRANSITO," et al.,         *
                                     *
      Defendants                     *
                                     *
_____  *

## PARTIAL JUDGMENT

In the instant case, Plaintiff claims that various Defendants exhibited their copyrighted boxing matches without the proper authorizations in violation of 47 U.S.C. § 605(E)(3)(c)(i)(ii), § 605(e)(3)(C)(II) and § 605(e)(3)(B)(iii).  Default was entered against co-Defendants Kiosko El Playero 57, Diana Reyes Monegoro a/k/a Digna Reyes Monegoro individually, c/p De Tal-Reyes, C/P Tal-Reyes, Antonia Reyes individually on 9/29/05 at docket 23.

After default was entered, Plaintiff moved for judgment by default. For each establishment and set of Defendants related to said establishment, Plaintiff filed an affidavit of an auditor who visited the place of business.  The affidavits, *inter alia,* detail the number of patrons counted, the number of televisions and which part of the copyrighted transmission was being exhibited.  Plaintiff also included a detailed declaration under penalty of perjury by his attorneys that attested to the need for service of summons, the expenses incurred and the time invested in each case. Finally, Plaintiff included a detail of the cost of the summons for each defendant. After examining Plaintiff's request for judgment by

CIVIL NO. 05-1212 (JP)            2

default, its accompanying documents and the complaint, the Court is ready to render its judgment.

Inasmuch as the aforementioned Defendants are in default, this "constitutes an admission of all facts well-pleaded in the complaint." *Metropolitan Life Ins. Co. v. Colón Rivera,* 204 F. Supp.2d 273, 274-275 (D.P.R.2002); *Banco Bilbao Vizcaya Argentiaria v. Family Restaurants, Inc.,* 285 F.3d 111, 114(1st Cir.2002) and *Franco v. Selective Ins. Co.,* 184 F.3d 4, 9 n.3 (1st Cir. 1999). At that point, the only issue remaining for consideration is the amount of damages. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 at 444 (1983) (*citing Thomson v. Wooster,* 114 U.S. 104, 5 S. Ct. 788, 29 L.Ed. 105 (1985)); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319 (7th Cir. 1983) and *Quirindongo Pahceco v. Rolón Morales,* 953 F.2d 15, 16 (1st Cir. 1992). Moreover, "once the entry of a default establishes the fact of damage, the trial judge… has considerable latitude in determining the amount of damages." See, *Jones v. Winnepesaukee Realty,* 990 F.2d 1, 4 (1st Cir. 1993) and *Video Views, Inc. v. Studio 21, Ltd.,* 925 F.2d 1010, 1015-1016 (7th Cir.1991).

Pursuant to 47 U.S.C. § 605 (E)(3)(c)(i)(II), the maximum amount for statutory damages is $10,000. Pursuant to 47 U.S.C. § 605 (e)(3)(C)(ii), the Court has discretion to increase this to the maxim statutory provision $100,000.00 if it finds the violation of copyright was, willful and for commercial advantage or private gain. Courts may infer willfulness from defendant's failure to defend itself, see, *Fitzgerald Publishing Co. V. Baylor,* 807 F.2d 1110, 1115(2d Cir. 1986); *Century ML-Cabe Corp. v. Díaz,* 39 F. Supp.2d 121,

CIVIL NO. 05-1212 (JP)                3

125 (D.P.R. 1999) and _Fallaci v. New Gazette Literary Corp._, 568 F. Supp.1172, 1173 (S.D.N.Y. 1983). Moreover, the Court in _Time Warner Cable on New York City v. Georgies Luncheonette, Inc._ 77 F. Supp.2d 485, 490-91 (S.D.N.Y.1999) stated, "[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." Given the above, the Court finds that defendants' violations were wilful and for commercial advantage and warrant the maximum penalty, as well as maximum statutory damages.

Plaintiff is also seeking reasonable attorneys' fees pursuant to § 605(e)(3)(B)(iii). Plaintiff's attorneys are John E. Mudd and Glenn Carl James. Mr. Mudd has more than twenty years experience in federal litigation and Mr. James has over ten. Therefore, an hourly fee of $200 is not unreasonable. See, _Greendel's Den, Inc. v. Larkin_, 749 F.2d 945, 950-951 (1st Cir. 1984); _Blum v. Stenson_, 465 U.S. 886, 895 (1984) and _Mountain Cable Company v. Choquette_, 53 F. Supp.2d 107, 114-115 (D. Mass. 1999).

In light of the above, the Court makes the following specific findings as to each defendant:

1)   According to the sworn statement subscribed by Mrs. Cristina Andino and Mr. Samuel Acevedo Rivera, whom visited Kiosko El Playero 57, Diana Reyes Monegoro a/k/a Digna Reyes Monegoro and Antonia Reyes' establishment on the day of the fight, there were 38 and 20 persons viewing the  fight in the establishment on one television. The Court awards plaintiff $110,000.00 in damages, plus $2,400.00 in attorneys' fees and $500.00 in costs and orders Kiosko El Playero 57, Diana Reyes Monegoro a/k/a

CIVIL NO. 05-1212 (JP)                4

Digna Reyes Monegoro, Antonia Reyes, and their conjugal partnerships, to jointly and severally pay this amount to Plaintiff, pursuant to this judgment issued in this matter.

It is expressly directed that this Judgment shall be entered as final against said Defendants pursuant to Federal Rule 54(b) of Civil Procedure. In as much as there are multiple parties to this litigation the Court finds that there is no just reason for delay and direct the entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in the manner stated above.

**IT IS SO ORDERED AND ADJUDGED.**

In San Juan, Puerto Rico, this 4th day of October, 2005.

S/ Jaime Pieras, Jr.
JAIME PIERAS, JR.
U. S. SENIOR DISTRICT JUDGE